## Case No. 86.

### The ADOLPH.

[1 Curt. 87.][1]

Circuit Court, D. Rhode Island. Nov. Term, 1851.

SALVAGE—PAYMENT OF PROCEEDS INTO REGISTRY —AUTHORITY OF FOREIGN CONSUL.

A foreign consul has authority to petition the court to order the marshal to pay into the registry proceeds of a sale of property libelled for salvage, in which the citizens or subjects of his country are interested, they being absent, and having no other legal representative in the United States.

[Cited in The Conserva, 38 Fed. Rep. 434.]

In admiralty. A suit for the salvage of the said vessel and cargo having come into this court by appeal, salvage was decreed to the libellants, at the November term, 1839, and the residue of the proceeds of the saved property, after payment of the salvage, was, by the decree, directed to be retained in the registry of the court, to be paid to the owners of the property saved, or their lawful representatives. When the proceeds of the sale were brought into court by the then marshal, who is no longer in office, one promissory note, given by a purchaser, remained unpaid. The marshal caused a suit to be brought thereon, and collected the contents upon an execution; but, instead of bringing the money into the registry of the court, accounted, as he alleges, with the salvors out of court, and retained the balance to reimburse himself for sundry payments, and for his own services. In July last, F. Gouraud, representing himself to be vice-consul of France for this district, and also attorney in fact of the representative of the owners of the said vessel, filed a petition in this court, praying that the late

[1][Reported by Hon. B. R. Curtis, Presiding Judge.]

marshal might be ordered to bring the amount so collected by him into the registry of the court. The authority of M. Gouraud to prefer this petition was denied. He produced his exequatur, which bears date on the 29th day of October, 1851. He also exhibited a power of attorney, executed before two notaries at Nantz, by a person who states, in the power, that he was appointed by the tribunal of commerce of the city of Nantz, settling agent of the old commercial house formerly established at Nantz, under the style of James Francis's Brothers, who were the owners of the Adolph; this power purports to authorize M. Gouraud to collect any money arising from the sale of the said vessel.

J. S. Pitman, for petitioner.
Mr. Jenckes, for respondent.

Before CURTIS, Circuit Justice, and PITMAN, District Judge.

CURTIS, Circuit Justice. The duty of the marshal to pay this money into the registry of the court, as soon as he had received it, is clear. He had no power to adjust the account with the salvors, or pay them, or retain anything for his own services; these are all matters to be passed on by the court; and under its direction, and only by its authority, can any payments be made or allowances had. It may be added, that it is the duty of the court to see that its officer does pay into the registry money which he has collected for that purpose; and although the court cannot have .the necessary information to act upon its own motion, it certainly ought not to be very rigid in its requisitions of authority, when a suggestion that its officer is in fault in this respect is made. We deem it sufficient for this particular purpose, that M. Gouraud is the vice consul of France; and that French citizens are interested in these proceeds.[2] It is true, he had not received his exequatur when he filed this petition; and if this were a suit instituted by him, and depending on his official character when brought, it must fail. But we do not consider the proceeding at all analogous to a suit, or even to a petition for the execution of a decree. It is rather in the nature of a suggestion, made in writing to the court, that one of its officers has not discharged his official duty; and, although the person making such suggestion may not have had any official or personal connection with the subject when first made, if he has now, when the matter is actually presented to the court, sufficient authority to make it, the court feel bound to listen, and allow it to have effect. Upon this suggestion and representation, we find, by the answer of

[2]The Invincible, 1 Wheat. [14 U. S.] 239; The Anne, 3 Wheat. [16 U. S.] 439; The Divina Pastora, 4 Wheat. [17 U. S.] 52; The Bello Corrunes, 6 Wheat. [19 U. S.] 156; Bank of Washington v. Peltz, [Case No. 952;] Rowe v. The Brig, [Id. 12,093.]

the late marshal, that he did receive this money on account of the proceeds of the sale of a part of the salvage property; and, although we have no doubt he thought himself justified in retaining it, and did not intend to depart from his duty, he must be now required to pay it into the registry of the court.

### Order.

That Burrington Anthony, lately marshal of the United States for the district of Rhode Island, forthwith pay into the registry of this court, in the cause wherein Caleb Williams and others were libellants against the ship Adolph and cargo, the moneys received by him on account of two certain promissory notes, given by one Edward Dexter, the purchaser of part of the property libelled in the said cause; and all claims of the said Anthony, for any just allowances on account of the said moneys, or otherwise in the said cause, be referred to Francis E. Hoppin, Esq., to report thereon to the court. And all parties in interest, or their legal representatives, may appear before the said assessor, and be heard in the premises. And all further questions are reserved until the coming in of the said report.

Entered by order of the court.